## YANKEE vs. CRAWFORD.

Part payment, by defendant to plaintiff, of a note assigned to plaintiff, after the assignment, and a promise to pay him the balance, is sufficient evidence, *prima facie*, to prove the assignment.

## ERROR to Jackson Circuit Court.

ROBARDS, for plaintiff in error.

1. The judgment of the circuit court ought to be reversed, because there was no proof of the assignment of the note, sued upon, to Crawford. The deposition of Eleanor Crawford should have been rejected. The identity of the note sued on, and the one assigned to Crawford, the plaintiff, was not sufficiently proven. In fact, there was no proof of the assignment. 7 Mo. Rep. 128.

2. The plea of set-off is a special plea and cannot be pleaded by reason of the 1st section of the act to "simplify proceedings at law." A set-off is a defence to the merits of the ac-

tion, and under the 5th sec. of said act, may be given in evidence under the general plea prescribed in the act. The 5th section, taken in connection with the first, conflicts with the 4th sec. of the act of 1845, "respecting set-off," Digest page 1005. Had there been a rule of court, requiring notice of a set-off to be given at the time of filing the general plea, it is possible that defendant might have been precluded from the benefit of his set-off in that suit. But there was no such rule of court. This question depends upon the true construction of two acts of the general assembly, when taken together, and there are no authorities which can be considered applicable, except the general rules of construing statutes. The object of the act of the legislature, from its language, is to prohibit every description of special plea. The words of the act are so comprehensive as to admit of no exception; it excludes every special plea. Courts might, in some cases, obviate some of the troubles and difficulties created by the legislature in the effort to simplify, by adopting a rule requiring notice of set off to be given at the time of filing the legislative plea, or "patent plea." Such is not the case here. Sess. acts 1847, page 108; Digest p. 1005.

HAYDEN, for defendant in error.

1. The court very properly received the evidence of Eleanor Crawford, who had assigned the note to the plaintiff, as proof of the assignment, in connexion with the evidence of the other witness, who testified also to the fact of the assignment. The only fact which it was introduced to establish, was the question as to the assignment of the note; and it would seem to me that she was a very good witness to prove the fact, as she was testifying against her interest, by proving that she had ceased, by her assignment, to have any interest in the demand; and, surely, the defendant having recognised the right of the assignee to the money due by the note, by paying the $60, after having inspected the note with the assignment endorsed thereon, has no right to complain. He could not be injured by the evidence.

2. The court did not err in refusing evidence to prove an off-set, when none had been filed with his plea, nor any notice given that any such defence would be relied on upon the trial. See Digest pp 105, 106, sec. 4 of the law of set-off.

3. It devolves upon the plaintiff in error to show, upon the face of the record in his bill of exceptions, that the account, which he offered to file and to prove, was an account allowable by law, as a set-off, either against the assignor of the note at the time of the assignment, or against the plaintiff himself, at the time of the commencement of the suit. This he has not done, so far as the record shows.

Judge BIRCH delivered the opinion of the court.

Crawford sued Yankee on a note made to Eleanor Crawford, payable twelve months after date, for two hundred dollars, with interest at the rate of ten per cent. per annum. The note was dated on the 6th day of March, 1840, and was alleged to have been assigned to the plaintiff below (defendant in error here) on the 22d day of February, 1848 ; the assignment being made by affixing the mark of the assignor.

The defendant pleaded the general issue, and the cause, by consent of parties, was tried by the court without a jury, and judgment rendered in favor of the plaintiff for the sum of $163 20 debt, and $25 80 damages.

Upon the trial, the plaintiff read the deposition of the said Eleanor, in which she states that she assigned a note, of the description and date

in question, to the plaintiff, on the 22nd day of February, 1848, and that that was the only note she assigned him on that day. The reading of this deposition was objected to by the defendant, the objection overruled, the opinion of the court excepted to, and the point properly presented in a motion for a new trial.

The plaintiff next proved by a witness that he was present about the 24th of February, 1848, when the note, thus assigned, was presented to the defendant for payment; that he made a payment upon it of about $60, (which was credited) and that he promised to pay the balance.

Upon this testimony, the plaintiff was permitted to read the note in evidence, to which the defendant objected and excepted.

The defendant then produced and offered as an offset an account which had not been previously filed in the cause, and of which no other notice had been given to the plaintiff, to the reception of which, or of any testimony to support it; the plaintiff objected, was sustained by the court, and the defendant excepted.

Upon the last point, as it nowhere appears in the record of what the account consisted, when it was contracted, or even *against whom it was*, we deem that the defendant has not placed his complaint, in that respect, in a position to have it here intelligently investigated. It is therefore passed over, without the necessity of even considering the point relied upon by the counsel for the appellee on the score of notice.

Respecting the admissibility of Mrs. Crawford's deposition to prove the previous assignment of the note in question, (her mark being equivalent when thus identified to her written signature) we have been unable to perceive any valid objection; and when to this there is superadded the additional testimony of the witness who saw the defendant pay a portion of the debt to the plaintiff, (as assignee) and promise to pay the balance, any further objection on the score of the assignment would seem scarcely to reach the dignity even of a technicality. The judgment of the circuit court is therefore affirmed.